IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| IN RE SUBPOENA SERVED ON ) | |
| NONPARTY TIM RUSSELL DATED ) | Case No.: 7:23-mc-00020-TTC |
| MARCH 10, 2023 ) | |

## BRIEF IN SUPPORT OF MOTION FOR SHOW CAUSE HEARING REGARDING SUBPOENA TO TIM RUSSELL

COMES NOW, Movant Richard Morrell ("Movant"), a Defendant in litigation pending before the United States District Court for the Eastern District of Missouri, Eastern Division (4:21-cv-293-RWS) ("Issuing Court"), and for his Brief in Support of His Motion to Show Cause Regarding Subpoena to Tim Russell, states:

### I. FACTUAL BACKGROUND

On January 14, 1997, Stanley Stotler entered his home, went to his bedroom, and was shot in the temple and in the arm ("Shooting"). The pending litigation in the Issuing Court concerns allegations raised by Plaintiff Jonathan Irons ("Plaintiff") concerning incarceration for over twenty-three years in the State of Missouri. Specifically, Plaintiff has sued the City of O'Fallon, Missouri, St. Charles County, Missouri, John Neske, Douglas Tinkham, Richard Morrell, Ricky Luetkenhaus, and Mark O'Neill alleging, *inter alia*, he was wrongfully convicted in 1998 of charges pertaining to burglary, assault, and armed criminal action related to the Shooting. (Issuing Court Doc. No. 1.)

Tim Russell is a witness identified by the parties in this matter who authored a voluntary statement reflecting his observations of Plaintiff in the neighborhood of the Shooting on the evening of the Shooting. Ex. A. Among other references, Mr. Russell stated Plaintiff showed him a "25 it was crome [sic] with a wooden handle."

Plaintiff has alleged, "At no point in time between 1997 and the present day has there been any credible evidence giving rise to probable cause to suspect [him] of shooting Stotler." (Issuing Court. Doc. No. 1, ¶ 80.) Plaintiff has alleged probable cause did not exist in connection with his detention regarding the Shooting. (*See id.* at Counts II and VI.) The Prosecuting Attorney of the County of St. Charles, State of Missouri, and Assistant Prosecuting Attorney included a probable cause statement in their criminal complaint, referencing:

> The defendant [Plaintiff] was seen by several witnesses in the vicinity of where on January 14, 1997, a burglary took place at 1305 Shallow Lake, O'Fallon, Missouri. The victim, who resided at this address, was shot twice, once in the head and once in the shoulder with what was believed to be a .25 caliber pistol. The defendant was seen on a number of occasions with prior to this incident and subsequent to the incident to be in the possession of a .25 caliber semi-automatic pistol.

Ex. B. Mr. Russell also testified at Plaintiff's criminal trial that he saw Plaintiff on January 14, 1997, which a gun, "like a chrome .25 with some wood on the handle." (Ex. C, Cr. Tr. 222:1–17, Oct. 19, 1998.) Mr. Russell may have also been present to observe other witnesses who observed Plaintiff, which may bear on other matters at issue in Plaintiff's pleadings before the Issuing Court. Accordingly, Mr. Russell's possession of documents responsive to the subpoena and testimony are discoverable pertaining to Plaintiff's claims and Movant's defenses.

On March 10, 2023, Movant issued a letter (served on the same day) enclosing a subpoena duces tecum for Tim Russell to appear at the Roanoke Higher Education Center 108 N. Jefferson St., Roanoke, VA 24016, in Conference Room 418 and to bring "[a]ny documents pertaining to any legal proceeding concerning Jonathan Irons and all communications to/from involving Jonathan Irons." (Ex. D, E.) Plaintiff failed to appear for his deposition at the specified location on March 29, 2023, at 9:00 a.m. (Ex. F.) The undersigned has received no communication from Mr. Russell after service of the subpoena.

2

Movant now respectfully requests that this Court hold a hearing for Mr. Russell to Show Cause regarding why he did not appear in connection with the subpoena.

## II. STANDARD OF REVIEW

As has been explained with respect to subpoenas and Fed. R. Civ. P. 45(g):

> Federal Rule of Civil Procedure 45 establishes the discovery rules that govern the issuance of subpoenas directed at third parties. The court for the district where compliance is required ... may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it. This provides far-reaching discretion to the court to ensure compliance with subpoenas.

*Smith v. Club Exploria LLC*, 3:20-CV-00580, 2021 WL 4375907, at *1 (M.D. Pa. Sept. 24, 2021) (internal citations and quotations omitted); *see also Harvey v. Great Circle*, 4:19-CV-902-NAB, 2020 WL 6544237, at *1 (E.D. Mo. Nov. 6, 2020); *In re Am. Med. Sys., Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, 2:14-CV-29705, 2016 WL 756485, at *2 (S.D.W. Va. Feb. 25, 2016).

## III. ARGUMENT

In *In re Am. Med. Sys., Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, the United States District Court for the Southern District of West Virginia found a subpoenaed non-party, *inter alia*, was served with subpoenas; did not file a motion for protective order, motion to quash, or motion to modify the subpoena; failed to conduct a reasonable search of company records in order to comply with the subpoenas; acted in a manner which prevented the parties from obtaining reasonable discovery; and did not comply with the subpoena. 2:14-CV-29705, 2016 WL 756485, at *3 (S.D.W. Va. Feb. 25, 2016). The Court issued an order requiring the non-party subpoenaed individual to appear at a reconvened deposition pursuant to subpoena, produce all documents requested in the attachment to the subpoena, and to answer all questions unless a valid privilege or protection applies. *See id.* Attorneys' fees were also considered. *See id.*

Here, unlike in *In re Am. Med. Sys., Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, Mr. Russell failed to appear at the location and time specified in the subpoena served to him. *See supra*. *See Anderson v. Prince George's Cnty.*, MD, CIV.A. TDC-13-1509, 2014 WL 2926537, at *3 (D. Md. June 26, 2014). In *Anderson*, a subpoenaed non-party failed to appear pursuant to validly served subpoena without any timely-filed motion to quash, modify, or excuse for disobeying subpoena. court granted a motion for a show cause order and directed the non-party witness to appear before the Court to show cause for why he should not be held in contempt for his failure to appear at the deposition. *Id.*

Accordingly, Movant respectfully requests that this Court issue a Show Cause Order, sent to the address where Mr. Russell was served, requiring that Mr. Russell appear before this Court on May 22, 25, or 26 (or at another time convenient for this Court and permitting the undersigned to travel to appear) at 9:00 a.m. to show cause for his non-appearance and to bring all documentation responsive to the subpoena, to order his deposition take place immediately after the hearing in a room in the courthouse designated by this Court in order for Mr. Russell to testify and produce said documentation in the event he appears, and for an Order of Contempt / Writ of Body Attachment should Mr. Russell fail to appear at the show cause hearing.

WHEREFORE, Movant respectfully requests this Court enter a Show Cause Order consistent with the above and for such further relief this Court deems just and proper.

**RICHARD MORRELL**

By Counsel

s/ Melissa Y. York
David P. Corrigan (VSB No. 26341)
Melissa Y. York (VSB No. 77493)
Counsel for Richard Morrell
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia  23255
804-747-5200 - Phone
804-747-6085 - Fax
dcorrigan@hccw.com
myork@hccw.com

/s/ Robert T. Plunkert
Robert T. Plunkert **Pro Hac Vice** pending
PITZER SNODGRASS, P.C.
Attorney for Movant Richard Morrell
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545 - Phone
plunkert@pspclaw.com

**CERTIFICATE**

       I hereby certify that a copy of the foregoing filed electronically with the Clerk of the Court, to be served by operation of the Court's electronic filing system upon the following or U.S. mail for parties not registered with CM/ECF, on this 27th day of April, 2023:

| | |
|---|---|
| Portia C. Kayser<br>Joshua C. Grumke<br>HARRIS DOWELL FISHER & YOUNG L.C.<br>15400 South Outer 40, Suite 202,<br>Chesterfield, MO 63017<br>pkayser@harrisdowell.com,<br>jgrumke@harrisdowell.com<br>*Attorney for Defendant John Neske* | Timothy J. Reichardt<br>REICHARDT NOCE & YOUNG LLC<br>12444 Powerscourt Drive, Ste. 370<br>St. Louis, Missouri 63131<br>tjr@reichardtnoce.com<br>*Attorney for Defendant Douglas Tinkham* |
| Blake D. Hill<br>Jason S. Retter<br>HELLMICH HILL LLC<br>1049 N. Clay Avenue<br>Kirkwood, Missouri 63122<br>blake@hellmichhillretter.com<br>jason@hellmichhillretter.com<br>*Attorneys for Defendant City of O'Fallon, Missouri* | Michael G. Mueth<br>Rory P. O'Sullivan<br>ST. CHARLES COUNTY COUNSELOR'S OFFICE<br>100 N. Third Street, Ste. 216<br>St. Charles, Missouri 63301<br>mmueth@sccmo.org<br>rosullivan@sccmo.org<br>*Attorneys for Defendants Ricky Luetkenhaus, Mark O'Neill, and County of St. Charles, Missouri* |
| Jon Loevy<br>Josh Loevy<br>Anand Swaminathan<br>Steven Art<br>Jordan Poole<br>LOEVY & LOEVY<br>311 N. Aberdeen Street, Third Floor<br>Chicago, Illinois 60607<br>jon@loevy.com<br>joshl@loevy.com<br>anand@loevy.com<br>poole@loevy.com<br>steve@loevy.com<br>*Attorneys for Plaintiff* | Bryon E. Hale<br>John R. Hamill, III<br>Barklage, Brett & Hamill, P.C.<br>211 N. Third Street<br>St. Charles, Missouri 63301<br>bhale@barklage-brett.com<br>jhamill@barklage-brett.com<br>*Attorneys for Defendants Ricky Luetkenhaus, Mark O'Neill, and County of St. Charles, Missouri* |

                                                            <u>s/ Melissa Y. York</u><br>
                                                            Melissa Y. York (VSB No. 77493)<br>
                                                            Counsel for Richard Morrell

Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia  23255
804-747-5200 - Phone
804-747-6085 - Fax
dcorrigan@hccw.com
myork@hccw.com